Filed 5/30/13  P. v. Withers CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E056969 |
| v. | (Super.Ct.No. SWF1102757) |
| BRADLEY JAY WITHERS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  James S. Hawkins, Judge. Affirmed.

Kevin Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Bradley Jay Withers is serving four years and eight months after a jury convicted him of possessing methamphetamine and a hypodermic needle, and the trial court found true he had two prior offenses, including a strike.  As discussed below, we affirm the conviction.

1

## FACTS AND PROCEDURE

On November 6, 2011, sometime after 9:30 p.m., Hemet Police Officer McNish arrested defendant at a motel in Hemet known for drug use and prostitution. Outside on the ground under the open bathroom window of the motel room where defendant and another person were, police found plastic bags containing methamphetamine, a syringe, and a scale. Inside the motel room they found a tin containing another scale and another plastic bag containing methamphetamine. Inside defendant's car, officers found another syringe and a scale similar to the one found in the motel room.

On November 9, 2011, the People filed a felony complaint alleging defendant possessed methamphetamine for sale (Health & Saf. Code, § 11378) and possessed a hypodermic needle (Bus. & Prof. Code, § 4140). The People also alleged defendant had two prison priors (Pen. Code, § 667.5, subd. (b)) and a "strike" prior (Pen. Code, §§ 667, subds. (c) &(e)(1), and 1170.12, subd. (c)(1).[1]

After the preliminary hearing held on January 19, 2012, the trial court held defendant to answer.

On January 31, 2012, the People filed an information charging defendant, as in the complaint, with possessing methamphetamine for sale, possessing a hypodermic needle, and with the two prison priors and the strike prior.

---

[1] The prior convictions were for robbery (Pen. Code, § 211) in 2003, for which he was sentenced to two years, and twice violated parole, and felony drug possession in 2007, for which he was sentenced to 32 months and violated parole once. Defendant suffered a number of other convictions between 1998 and 2011.

At trial, Officer McNish testified as follows. McNish pulled into the motel parking lot and saw defendant standing in front of one of the rooms. McNish saw defendant make eye contact with him, defendant's "eyes began to widen," defendant "reached into the pockets of his pants and ran into" the motel room. McNish testified that, "Based on . . . his movements, he appeared to be nervous and wanting to quickly get away from my location." McNish parked the car and called for backup.

McNish went to the motel room, knocked loudly on the door, stated he was a police officer and told the occupants to open the door. He could hear voices of a man and a woman. A woman answered the door. The officer knew the woman from previous contacts and he believed she was on probation or parole. McNish asked to enter the room and the woman gave permission. He saw defendant coming from the back of the room, but did not see him exit the bathroom, although he suspected defendant had come from the bathroom. McNish handcuffed defendant, but told him he was not under arrest and would be released from the handcuffs once police backup arrived. McNish did so when backup arrived.

McNish went into the bathroom and saw that the window to the outside was open. He looked outside and saw on the ground some plastic bags, a syringe and a scale. McNish went outside and recovered the items, then came back inside and found another scale and plastic bag inside the nightstand.

McNish placed defendant under arrest and gave him the *Miranda*[2] warnings. Upon questioning, defendant told McNish that the items found outside the bathroom window belonged to him, that he had thrown them out because he "got nervous" and accurately described the items. Defendant stated he had been selling methamphetamine for not very long, and only to provide for his family.

A police criminologist testified that she tested three of the five plastic bags that had been retrieved, and found that they contained methamphetamine.

Defendant testified on his own behalf and told a different version of events than did Officer McNish. He stated he had just arrived at the motel at the same time as Officer McNish, and was meeting his girlfriend there. He had just walked to the back of the room when McNish knocked, and had not been in the bathroom at all. Defendant testified that the officer handcuffed him and put him into the squad car, but not under arrest, for 30 minutes while he searched the motel room. Defendant testified that he never admitted the items found on the ground were his and never admitted that he was selling methamphetamine, and in fact he was not selling methamphetamine. After McNish arrested defendant, he searched defendant's car and found the scale and hypodermic needle. Defendant testified that he stated the items were his only after the officer told defendant that his wife would be arrested.

Defendant testified that he did not receive the *Miranda* warnings until after he was taken to the police station. After receiving the warnings, defendant said that the scale and

---

[2] *Miranda v. Arizona* (1966) 384 U.S. 436.

4

hypodermic needle in the vehicle belonged to him. Defendant testified that he was a drug user and kept the items in the vehicle for his personal use.

The jury acquitted defendant of possessing methamphetamine for sale, but convicted him of the lesser included offense of simple possession (Health & Saf. Code, § 11377, subd. (a)) and misdemeanor possession of a hypodermic needle. Defendant admitted the prior convictions. The trial court denied defendant's *Romero*[3] motion and sentenced him to four years and eight months as follows: the low term of 16 months for possession, doubled to 32 months for the strike, plus two years for the prison priors. The six-month misdemeanor sentence was to be served concurrently. This appeal followed.

## DISCUSSION

Upon defendant's request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493], setting forth a statement of the case, a summary of the facts, and potential arguable issues and requesting this court to conduct an independent review of the record.

One of the potential arguable issues that counsel suggests is whether Officer McNish's entry into the motel room was unlawful under the Fourth Amendment to the United States Constitution. Specifically, before he knocked on the door and demanded entry, the officer was not aware of any crime taking place in the room and did not know the identity of either of the occupants, and so did not know that the female occupant was

---

[3] *People v. Romero* (1996) 13 Cal.4th 497.

5

on parole or probation and thus required to consent to entry and search.  However, as appellate counsel points out, trial counsel did not raise this issue in the trial court and so has waived it on behalf of defendant.  (Evid. Code, § 353.)

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so.  Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

**DISPOSITION**

The judgment of conviction is affirmed.

NOT TO BE PULBISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

CODRINGTON
J.

6